# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN McCLUNG, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )    Case No. CIV-09-911-M<br>) |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION, | )<br>)<br>)<br>) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION**

Plaintiff, Steven McClung, seeks judicial review of a denial of disability insurance benefits by the Social Security Administration. This matter has been referred for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). It is recommended that the Commissioner's decision be affirmed.

## I.    **Procedural Background**

Mr. McClung filed his application for disability insurance benefits in October 2004, alleging onset of disability on August 20, 2004. The Social Security Administration denied the application initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. *See* Administrative Record [Doc. #12] (AR) at 17-27. The Appeals Council denied Mr. McClung's request for review. AR 8-10. This appeal followed.

**II.    The ALJ's Decision**

The ALJ followed the sequential evaluation process required by agency regulations. *See Fisher-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. The ALJ first determined that Mr. McClung had not engaged in substantial gainful activity at any time relevant to the decision. AR 19. At step two, the ALJ determined that Mr. McClung has the following severe impairments: degenerative disc disease, radiculopathy, status post fusion at L5-S1 lumbar, and status post hardware removal. AR 19. At step three, the ALJ found that Mr. McClung's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 20.

> The ALJ next determined Mr. McClung's residual functional capacity (RFC):
>
> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk for at least 6 hours out of an 8-hour workday (with normal breaks), sit at least 6 hours out of an 8-hour workday (with normal breaks), and occasionally stoop.

AR 20. The ALJ determined that this RFC for "at least light work activity" is "reasonable." AR 26. The ALJ further found that Mr. McClung "could function within these limitations without experiencing significant exacerbation of her [sic] symptoms [and that] remaining seated and only occasional stooping throughout most of the day should help to alleviate his problems." AR 26.

At step four, the ALJ concluded that Mr. McClung cannot perform his past relevant work as a heavy equipment operator, appliance mover and fast food worker. AR 26. Relying

on the testimony of a vocational expert, the ALJ found at step five that Mr. McClung is capable of performing the job requirements of office cleaning, production inspection, assembly worker and machine operator and that these jobs exist in significant numbers in the regional and national economy. AR 27.[1] The ALJ, therefore, determined Mr. McClung was not disabled. AR 27.

## III. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules

---

[1] The vocational expert testified that the office cleaning and production inspection jobs required light work, and she identified the other available jobs as sedentary assembly worker and sedentary machine operator. AR 1234-1235.

3

of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## IV. Issues Raised on Appeal

Mr. McClung raises a single issue on appeal. He contends the ALJ did not properly weigh the opinion of his treating physician, Dr. Sidney Williams, when the ALJ chose to reject the exertional and postural limitations set forth in Dr. Williams' Medical Source Statement.

## V. Analysis

Mr. McClung suffered an on-the-job back injury in March 2000, while employed for the City of Ponca City as a heavy equipment operator. *See, e.g.,* AR 636, 190. In June 2000, he underderwent back surgery. AR 190-196.[2] In relation to a workers compensation claim filed by Mr. McClung as a result of the on-the-job back injury, in October 2002, Dr. LeRoy Young opined that Mr. McClung's period of total temporary disability had ended and that "he may continue in his present employment." AR 662. He further opined that Mr. McClung was "in no further need of continuing medical care or medical maintenance." *Id*.

---

[2] Mr. McClung continued his employment with the City of Ponca City but was later terminated in January 2002, because he was found carrying a gun in his truck. AR 657.

In May 2003 Mr. McClung began receiving pain management treatment from Dr. Williams consisting primarily of prescribing and monitoring the use of opiates. AR 587. Dr. Williams' treatment of Mr. McClung continued through September 2008. AR 1147-1150.

On May 6, 2006, Dr. Williams completed a Medical Source Statement. AR 588-590. The findings set forth in the Medical Source Statement, contrary to the ALJ's RFC determination, include exertional and postural limitations that would preclude the performance of light work and are more consistent with the performance of sedentary work.[3] Dr. Williams opined that Mr. McClung could occasionally lift and/or carry ten pounds and frequently lift and/or carry less than ten pounds. AR 588. He found Mr. McClung could stand and/or walk less than 2 hours in an 8-hour workday and sit less than 6 hours in an 8-hour workday. AR 588-589. He also found Mr. McClung could occasionally climb, balance and kneel but could never crouch or crawl. AR 589.[4]

---

[3]The exertional requirements of sedentary work are defined as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). "'Occasionally' means occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday. Sitting would generally total about 6 hours of an 8-hour workday." SSR 96-9p, 1996 WL 374185 at *3.

[4]The record includes a second Medical Source Statement by Dr. Williams completed in October 2007, after the ALJ issued his decision. AR 1211-1213. This statement was considered by the Appeals Council. The exertional limitation findings are the same as those contained in Dr. Williams' May 2006 Medical Source Statement. The postural limitations are different. In the October 2007 Medical Source Statement, Dr. Williams opines that Mr. McClung can never climb
(continued...)

5

However, at the hearing before the ALJ on March 1, 2007, Mr. McClung testified that he last worked at McDonald's in August 2006, a period of time following the Medical Source Statement prepared by Dr. Williams. He testified that he was fired from that job. AR 1220. He further testified that he had not returned to work because he was unable to find employment. *Id.* As discussed below, Mr. McClung engaged in a variety of other work both prior to and continuing into the period under review.

The ALJ rejected the degree of exertional and postural limitations set forth in Dr. Williams' Medical Source Statement because he determined those limitations were inconsistent with: (1) Dr. Williams' own treatment records which indicated that Mr. McClung "was working and performing activities at a greater than sedentary level"; and (2) other substantial medical evidence of record. AR 25.

Mr. McClung contends the ALJ did not conduct a proper treating physician analysis in rejecting Dr. Williams' Medical Source Statement. This Court disagrees.

Under the rules governing evaluation of opinion evidence, greater weight is generally given to the opinions of sources of information who have treated the claimant than of those who have not. *See* 20 C.F.R. § 404.1527(d)(2); *see also Hackett v. Barnhart*, 395 F.3d 1168, 1173-1174 (10th Cir. 2005) (*citing Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004)). Using a sequential analysis, an ALJ is required to give the opinion of a treating

---

[4](...continued)
but that he can occasionally balance, kneel, crouch and crawl. Neither party has addressed this second Medical Source Statement in their briefing before the Court. The Court has considered the statement and finds that it does not alter the recommendation that the Commissioner's decision be affirmed.

source controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques;" and (2) "consistent with other substantial evidence in the record." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (quotation omitted). If an opinion fails to satisfy either of these conditions, it "means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." *Id.* (*quoting* SSR 96-2p, 1996 WL 374188, at *4). Non-controlling opinions "'are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927.'" *Id.*[5] If the ALJ chooses to reject a treating source's opinion entirely, the ALJ must set forth specific legitimate reasons for doing so. *See Langley v. Barnhart*, 373 F.3d at 1119.

The ALJ's decision demonstrates he conducted a proper analysis of the opinion evidence of record, including the opinion of Dr. Williams as set forth in the Medical Source Statement.

Dr. Williams conducted a consultative examination of Mr. McClung in January 2005, approximately five months after the alleged onset date. As part of the examination, Dr. Williams completed a range of motion evaluation showing limited back extension and flexion

---

[5]Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the treating source is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Watkins*, 350 F.3d at 1301 (quotation omitted).

7

in the lumbrosacral spine, and positive straight leg raising. Other range of motion was found to be within normal limits. AR 390-394.

In reliance on Dr. Williams' consultative examination, on February 9, 2005, an agency physician completed an RFC assessment on February 9, 2005 (and affirmed on June 3, 2005). AR 395-402. The agency physician's RFC assessment is, in all respects, consistent with the RFC determination of the ALJ. In addition, other RFC assessments by agency physicians are consistent with the ALJ's RFC determination indicating a capacity for light work activity. AR 305-312, 316-323. As the ALJ expressly stated in his opinion: "Three medical experts with the stage agency, who are experts in assessing disability, also felt that the claimant could perform at least light work activity." AR 26 *citing* Exhibit 16F (AR 305-315), Exhibit 17 F (AR 316-325) and AR 21F (AR 395-402).

Other medical evidence also supports the ALJ's RFC determination, including the opinions rendered in the context of Mr. McClung's worker's compensation claims, discussed *supra*, as well as the treatment records of Plaintiff's back surgeon, Dr. Hayes. *See, e.g.,* AR 255 (noting that Mr. McClung "still has been working his regular work duty," has satisfactory motor strength testing in the lower extremities, has satisfactory straight leg raising, and has no evidence of instability). Although this medical evidence pre-dates Mr. McClung's onset date, it is nonetheless relevant evidence properly considered by the ALJ. *See Lackey v. Barnhart*, 127 Fed. Appx. 455, 458 (10th Cir. April 5, 2005) (unpublished op.) *citing Hamlin v. Barnhart*, 365 F.3d 1208, 1223 n. 15 (10th Cir. 2004) (the fact that reports predated the disability period at issue did not render them categorically irrelevant).

Moreover, to the extent Mr. McClung reported an increase in pain, as the ALJ discussed, the objective medical evidence shows no worsening of Plaintiff's condition. In May 2005, Dr. Williams' treatment records reflect "an exacerbation of pain" due to Mr. McClung's disc disease, and Dr. Williams recommended a neurological consult. AR 663.[6] However an MRI performed one year later in April 2006 revealed only minor spinal stenosis and no evidence of repeat herniation of disc or significant impingement or encroachment. AR 1094.[7] The ALJ thoroughly discussed this evidence in his opinion. AR 25.

In addition, as determined by the ALJ, Dr. Williams' treatment records reflect Mr. McClung engaged in continual work activities throughout the period of treatment. For example, at the time of the consultative examination in January 2005, Dr. Williams reported that Mr. McClung was "recently employed as a Security person observing television monitors at a local Casino." AR 388. Other records reflect Mr. McClung's employment as a pizza delivery person, at an establishment identified as "Scott Merchandizing," at McDonald's, and at other casinos. *See, e.g,* AR 562, 542, 475, 1220. For a period of time in 2004, Mr. McClung reported to Dr. Williams that he was working eight hours per day. *See, e.g.,* AR 501, 513. And, at the time of the hearing before the ALJ, Mr. McClung testified that he had mowed lawns on a part-time basis and was able to lift the mower in and out of

---

[6]There is no indication in the record that any such consultation occurred.

[7]Dr. Williams requested the MRI after finding Mr. McClung to be suffering from an exacerbation of pain and sciatica in April 2006, "after trying to go to work riding a bull dozer." AR 1102. The Medical Source Statement was completed one month later in May 2006.

9

his vehicle. AR 1229-1230.[8] As the ALJ found: "Dr. Williams' treatment records indicate that the claimant was working and performing activity at a greater than sedentary level." AR 25. In addition to these work activities, Mr. McClung reported to Dr. Williams that he continued to go hunting, though not as "vigorously" as before. *See, e.g.,* AR 387. *See also* AR 581 (indicating Mr. McClung could climb a ladder for twenty minutes, with pain, while hunting).

As demonstrated, therefore, the ALJ conducted a proper legal analysis of the opinion of Dr. Williams as set forth in the Medical Source Statement. The ALJ addressed the requisite factors in giving less than controlling weight to Dr. Williams' opinions and thoroughly discussed the evidence of record to support his findings. The ALJ's reasons for rejecting the opinions contained in Dr. Williams' Medical Source Statement are supported by substantial evidence. Accordingly, Mr. McClung has not shown any basis for reversing the Commissioner's final decision.

## **RECOMMENDATION**

It is recommended that the Commissioner's decision be affirmed.

## **NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed.R.Civ.P.72. Any such objections should

---

[8] Mr. McClung did not quit any of these jobs due to exertional limitations. To the contrary, the record reflects his employment was terminated for a variety of reasons. *See, e.g.,* AR 1220, 1228 (fired from McDonald's for being late); AR 481 (conflict with casino employee); AR 559 (water pump failure in car prevented pizza delivery work).

be filed with the Clerk of the District Court by August  13th , 2010.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this  23rd  day of July, 2010.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE